IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-12-00668 |
| | | Criminal Action No. RDB-12-00669 |
| MURAT AKSU, | * | |
| FATIH SONMEZ, | | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Defendants in these actions have been charged with knowingly and unlawfully entering into, or aiding and abetting another to enter into, a marriage between a Turkish national and a United States citizen, for the purpose of evading a provision of the immigration laws of the United States in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. Specifically, on December 2, 2012, Defendant Fatih Sonmez ("Sonmez"), a Turkish national, was charged with one count of marriage fraud under 8 U.S.C. § 1325(c), in Criminal Case No. RDB-12-00669, because of his union to co-Defendant Tina Eckloff, which has since resulted in a divorce. The same day, Defendant Murat Aksu ("Aksu") was charged, in Criminal Case No. RDB-12-00668, via a two-count indictment (1) for aiding and abetting marriage fraud in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2 and (2) of naturalization fraud in violation of 18 U.S.C. § 1425(a). All other co-Defendants in these actions have entered pleas of guilty.

On April 29, 2013, the parties appeared before this Court for a motions hearing. This Court issued a ruling from the bench which is incorporated herein. For the reasons stated on the record and below, this Court DENIED Defendant Fatih Sonmez's Motion to

1

Dismiss the Indictment (ECF No. 64). Additionally, prior to addressing this motion, this Court granted Defendant Murat Aksu's Motion to Adopt Defendant Fatih Sonmez's Motion to Dismiss the Indictment (ECF No. 66). Accordingly, this Court also DENIED Defendant Murat Aksu's motion to dismiss the charges pending against him. This Memorandum Opinion supplements this Court's ruling.

BACKGROUND

The following facts relate to Defendant Fatih Sonmez ("Sonmez") charged in Criminal Case No. RDB-12-00669. Sonmez is a Turkish national, born on March 29, 1983 in Kütahyah, Turkey. Mem. in Supp. of Mot. to Dismiss Indictment at 2, ECF No. 65. He entered the United States legally on November 23, 2000 with a tourist visa which allowed him to stay in the country until May 22, 2001. *Id.* Instead of leaving the country on that date, however, Defendant Sonmez overstayed his visa and remained in the United States illegally. *Id.*

In or around September 2007, Defendant Sonmez alleges that he met co-Defendant Tina Eckloff ("Eckloff"). *Id.* at 3. They allegedly became fast friends and then started dating. *Id.* By the summer of 2008, they were living together and were later married on November 15, 2008. *Id.* Thereafter, Sonmez and Aksu filed for immigration benefits with the United States Citizenship and Immigration Services ("USCIS") office of Baltimore, Maryland. *Id.* On June 4, 2010, USCIS issued a Notice of Intent to Deny on the basis that it suspected that the marriage between Sonmez and Eckloff was entered into for the purpose of evading the immigration law. *Id.* At some point between November 2008 and the issuance of the indictment, Sonmez and Eckloff obtained a divorce on fault-based grounds

2

due to excessive cruelty and/or excessively vicious conduct pursuant to Sections 7-104(a)(6) and (a)(7) of the Family Law Article of the Maryland Code. *Id.* According to Sonmez, he was the victim of emotional and physical abuse at the hands of Eckloff. *Id.* On December 2, 2012, Sonmez was charged with marriage fraud in a one-count indictment along with Defendants Zafer Bozkurt, Hakan Meral and Tina Eckloff. Indictment, ECF No. 1. Defendants Bozkurt and Meral have since pled guilty to aiding and abetting marriage fraud. Plea Agreements, ECF Nos. 78 & 92. On April 29, 2013, prior to the motions hearing in this case, Defendant Eckloff signed a plea agreement in which she also agreed to plead guilty to the marriage fraud charge. She entered that plea of guilty before this Court on May 2, 2013.

The following facts concern Defendant Murat Aksu ("Aksu") charged in Criminal Case No. RDB-12-00668. Defendant Aksu is charged in Count I with aiding and abetting co-Defendant Meltem Meral, a Turkish citizen, and United States citizen J.A. to commit marriage fraud in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. He is also charged in Count II with knowingly procuring and obtaining for himself, a person not entitled to naturalization, naturalization as a citizen of the United States under 18 U.S.C. § 1425(a). According to the proffers of counsel during the April 29, 2013 motions hearing, Defendant Aksu is a Ph.D. candidate and a naturalized United States citizen who immigrated to this country from Turkey several years ago. At some point prior to Meltem Meral's marriage to J.A., she and Defendant Aksu were married and then divorced. Additionally, it is the government's contention that at the time of their arrest, Meltem Meral and Defendant Aksu were cohabitating. Defendant Aksu was indicted on December 2, 2012 along with Meltem

Meral and Hakan Meral. Indictment, ECF No. 1. Hakan Meral has since pled guilty to aiding and abetting marriage fraud. Plea Agreement, ECF No. 84. Meltem Meral has pled guilty to a one-count criminal information charging her with making a materially false statement to a government agency in violation of 18 U.S.C. § 1001. Plea Agreement, ECF No. 98.

ANALYSIS

In seeking to dismiss the indictment against him, Defendant Fatih Sonmez ("Sonmez") presented a constitutional challenge to 8 U.S.C. § 1325(c) contending that the statute criminalizes the fundamental right to marry without clearly defining marriage fraud. Specifically, Defendant Sonmez argued that the statue violates the Equal Protection Clause of the Fourteenth Amendment, is facially vague, vague as applied, overbroad as well as inconsistent with Congress' intent in enacting the Immigration Marriage Fraud Amendments of 1986 ("IMFA"), Public Law 99-639 (Nov. 10, 1986).

In denying Defendant's motion, this Court noted that all other constitutional challenges to 8 U.S.C. § 1325(c) have been unsuccessful. Indeed, Defendant's counsel has acknowledged that there is no authority sustaining a constitutional challenge. In fact, the only court, which has specifically dealt with a facial vagueness challenge to 8 U.S.C. § 1325(c), dismissed this challenge as "a party 'to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional.'" *United States v. Di Pietro*, 615 F.3d 1369, 1371 (11th Cir. 2010). In that

4

case, the defendant had conceded that "§ 1325(c) clearly proscribe[d] the conduct in which she engaged" but sought to challenge the law on its face. *Id.*

In considering other cases which dealt with 8 U.S.C. § 1325, this Court concluded that there is a circuit split concerning its interpretation. On the one hand, the United States Courts of Appeal for the First, Second, Eighth and Ninth Circuits have adopted what this Court referred to as the "establish a life test." *See United States v. Yang*, 603 F.3d 1024, 1026 (8th Cir. 2010); *Cho v. Gonzales*, 404 F.3d 96, 102-03 (1st Cir. 2005); *Monter v. Gonzales*, 430 F.3d 546 (2nd Cir. 2005); *United States v. Orellana-Blanco*, 294 F.3d 1143, 1151 (9th Cir. 2002). In these cases, the courts determined that "[a] marriage is a sham 'if the bride and groom did not intend to establish a life together at the time they were married.'" *Orellana-Blanco*, 294 F.3d at 1151 (citation omitted). In other words, these courts held that to qualify as marriage fraud, the parties needed to have entered into the marriage for the *sole* purpose of evading immigration laws.

On the other hand, the United States Courts of Appeal for the Fifth, Sixth, Seventh and Tenth Circuits have established a broader standard by concluding that *any* intent to evade immigration law is punishable under Section 1325(c). *See United States v. Ortiz-Mendez*, 634 F.3d 837 (5th Cir. 2011); *United States v. Darif*, 446 F.3d 701, 710 (7th Cir. 2006); *United States v. Islam*, 418 F.3d 1125, 1129 n.4 (10th Cir. 2005); *United States v. Chowdhury*, 169 F.3d 402, 406-07 (6th Cir. 1999). This is what this Court referred to as the "evade the law test." Although United States Court of Appeals for the Fourth Circuit has not published any opinion concerning the interpretation of § 1325(c), it has adopted the "evade the law test" in several unpublished opinions. *See United States v. Dyugaev*, 443 Fed. App'x 810 (4th Cir. 2011)

5

(unpublished); *United States v. Khalaf*, 390 Fed. App'x 216 (4th Cir. 2010) (unpublished); *United States v. Borodyonok*, 286 Fed. App'x 97 (4th Cir. 2008) (unpublished). Specifically, the Fourth Circuit recognized that "[a] conviction under section 1325(c) requires the government to prove: (1) that the alien knowingly entered into a marriage; (2) the marriage was entered into for the purpose of *evading a provision* of the immigration laws; and (3) the alien knew or had reason to know the immigrations laws." *United States v. Khalaf*, 390 Fed. App'x 216 (4th Cir. 2010) (citing *United States v. Islam*, 418 F.3d 1125, 1128 (10th Cir. 2005)) (emphasis added). While under Rule 36(c) of the Fourth Circuit, unpublished opinions do not create binding precedent, the Fourth Circuit has opined as to the interpretation of 8 U.S.C. § 1325(c) and this Court gives deference to that opinion. Nevertheless, whether under the "establish a life test" or the "evade the law" test, none of the circuits have held that the statute was constitutionally vague under the Equal Protection Clause of the Fourteenth Amendment or constitutionally vague facially or as applied. Accordingly, this Court held that 8 U.S.C. § 1325(c) is constitutional and determined that its interpretation would be the subject of a jury instruction. Therefore, Defendant's Motion to Dismiss was DENIED as to both Defendants Sonmez and Aksu. Additionally, to the extent that Defendant Aksu had moved to adopt the motion as to Count II in an as applied challenge, the Court DENIED that motion as well.

## CONCLUSION

For the reasons stated on the record and supplemented above, this Court DENIED Defendant Fatih Sonmez's Motion to Dismiss (ECF No. 64). Accordingly, it is also DENIED as to Defendant Murat Aksu.

Dated: May 3, 2013           /s/_____
                             Richard D. Bennett
                             United States District Judge